USE OF LINDLEY C. KENT *vs.* ROBERT C. PYLE, *et al.*

*Writ of Possession—Parties—Construction of Statute—Practice.*

A rule for writ of possession will be issued where the petitioners for the rule —the owners of the property—are the grantees of the purchaser at the sheriff's sale. It would be too narrow a construction of the statute, and defeat its remedial character, if it were restricted to the purchaser at the sheriff's sale.

(*September 29, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Frank H. Hoffecker* for plaintiff.

*Harry Emmons* for defendant.

Superior Court, New Castle County, November Term, 1899.

RULE TO SHOW CAUSE why writ of possession should not issue (No. 72 May Term, 1899). The petitioners for the rule were the owners of the property, being grantees of the purchaser at sheriff's sale.

*Mr. Emmons* objected to the granting of the rule on the ground that the petition was not made by the purchaser of the property under the writ at the sheriff's sale; that the statute (*Revised Code 839, Sec. 36*), requires that the petition shall be presented by the purchaser, and the question is whether the purchaser at the sheriff's sale should not make the petition.

LORE, C. J.:—We think that would be too narrow a construction to give to the statute. It would practically defeat the remedial character of the statute in certain cases.

Let the rule for a writ of possession be issued with stay of execution for fifteen days.